Filed 6/21/23  P. v. Green CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

> **California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D081201 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. INF1502142) |
| CHRISTOPHER JERMAINE GREEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Christopher Green, in pro. per.; and Ellen M. Matsumoto, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2016, Christopher Jermaine Green was convicted of premeditated attempted murder (Pen. Code,[1] §§ 187 & 664); assault with a firearm (§ 245, subd. (a)(2)) and participation in a criminal street gang (§ 186.22, subd. (a)). Firearm and gang enhancements found true were personal use of a firearm

---

[1]    All further statutory references are to the Penal Code.

during the commission of the crimes (§§ 12022.5, subd. (a), 12022.53, subd. (c), & 186.22, subd. (b)(1)). It was also determined that Green had suffered two strike prior convictions (§ 667, subds. (b)-(i)).

Green was sentenced to a prison term of 69 years four months to life.

In 2022, Green filed a petition for resentencing under section 1172.6 The court appointed counsel and held a hearing. At the hearing the court reviewed the jury instructions given at trial. Both counsel agreed the jury was not instructed on the natural and probable consequences theory of liability. The parties agreed Green was prosecuted as a direct aider and abettor. Based on the jury instructions and the agreement of the parties, the court found Green was not eligible for resentencing under section 1172.6. The court denied the petition without issuing an order to show cause.

Green filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to independently review the record for error pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende).* We notified Green that he had a right to file his own brief on appeal. He has responded by filing a one page document criticizing the evidence introduced at his trial. He essentially challenges the sufficiency of the evidence to support his convictions. Green's brief does not address any potential errors in the trial court's decision to deny the current petition for resentencing.

## DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Delgadillo* and asks us to independently review the record for error. To assist

the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified two possible meritorious issues:

1. Whether the trial court erred by concluding the jury's finding the attempted murder to be willful, deliberate, and premeditated rendered Green ineligible for relief under section 1172.6.

2. Whether the court erred in finding the lack of jury instructions on the doctrine of natural and probable consequences rendered Green ineligible for resentencing under section 1172.6.

We have independently reviewed the record for error consistent with *Wende* and *Anders*. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Green on this appeal.

DISPOSITION

The order denying Green's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


BUCHANAN, J.


CASTILLO, J.